# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,         )
)
     v.                    )      ID Nos.     2203013888
)                           2210002346
JESSE C. KINCAID,        )
)
    Defendant.          )

## ORDER

1. On this 28th day of November, 2023, upon consideration of Defendant Jesse C. Kincaid's ("Defendant") *pro se* Combined Motion for Sentence Reduction, Motion for Postconviction Relief, and Motion for Credit for Time Previously Served (the "Motion") made pursuant to Superior Court Rules of Criminal Procedure 35(b) and 61,[1] the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

2. On February 27, 2023, Defendant pled guilty to Stalking (Class F Felony), Criminal Contempt of a Domestic Violence Protective Order (Class A Misdemeanor), and Non-Compliance with Bond Conditions (Class G Felony).[2]

3. On May 19, 2023, Defendant was sentenced to the following: (1) for the Stalking charge, three years of Level V supervision, suspended after one year for six

---

[1] D.I.s 2203013888-26, 2210002346-17. Defendant does not specifically cite to Rules 35(b) and 61 in the Motion, but he asks this Court to reduce his sentence and challenges his guilty plea based on ineffective assistance of counsel.

[2] Defendant's case is currently pending appeal at the Delaware Supreme Court. *See* Notice of Appeal, *Kincaid v. State*, C.A. No. 211, 2023D (Del. Oct. 24, 2023). His case file remains at that court. Accordingly, without access to this file, this order lacks most Docket Item numbers and citations.

months of Level IV supervision, followed by one year and six months of Level III GPS-monitored supervision; (2) for the Criminal Contempt charge, one year of Level V supervision, followed by one year of Level III supervision;[3] and (3) for the Non-Compliance charge, two years of Level V supervision, suspended after one year for three years of Level III supervision.

4. As part of Defendant's sentence, the Court imposed conditions that require him to (1) receive mental health and substance abuse evaluations and comply with accompanying treatment recommendations; (2) complete a certified domestic violence intervention program; (3) refrain from contact with victim Lucy Boyd and her family and residence; and (4) refrain from unauthorized contact with victims Austin Kincaid and Veronica Kincaid, Defendant's children with Boyd, unless authorized by a Family Court order.

5. Defendant represents that on July 9, 2023, he transmitted the instant Motion to the Delaware Department of Justice. On August 15, 2023, this Court received the Motion.[4]

6. First, Defendant argues that the charges against him would have been dismissed if his attorney had submitted certain documents to this Court and moved

---

[3] Originally, in a May 19, 2023 order, the Court sentenced Defendant to one month of Level III supervision for the Criminal Contempt charge. In a June 9, 2023 order, the Court modified this sentence to twelve months of Level III supervision for the Criminal Contempt charge.

[4] D.I.s 2203013888-26, 2210002346-17. On October 6, 2023, Defendant submitted a letter to this Court in support of the Motion. There, he states that his treatment has prepared him to succeed in society, that he plans to run a small business upon release, and that home confinement would be burdensome for him. D.I. 22100002346-18.

2

to prevent the transfer of his case from the Family Court to the Superior Court. He claims that his counsel improperly persuaded him to take the guilty plea.[5]

7. Defendant's argument is in essence an ineffective assistance of counsel claim, part of his first motion for postconviction relief pursuant to Rule 61. When challenging a guilty plea, "a defendant has the burden of showing that, but for his counsel's deficient performance, he would not have pleaded guilty and would have insisted on proceeding to trial."[6]

8. On November 10, 2022, Defendant attested to this Court that his counsel had not threatened or forced him to enter a guilty plea and that he was satisfied with the representation. Then, on January 9, 2023, despite being represented by counsel, Defendant submitted a *pro se* motion to this Court to sever and dismiss the charges pending against him. On January 18, 2023, the Court returned these documents to Defendant's counsel without docketing them because it does not consider *pro se* applications from defendants who are represented by counsel. On January 26, 2023, Defendant's counsel informed him that he could submit the motion if he advised her that he wished to proceed *pro se* and terminate the representation. On February 20,

---

[5] D.I.s 2203013888-26, 2210002346-17. Defendant also argues that the inclusion in discovery of images of injuries unfamiliar to Defendant prejudiced him because it implied that Defendant caused the injuries. *Id.* There was no trial or jury in this case, and Defendant pled guilty to the instant charges, so the inclusion of these images in discovery did not prejudice him here. No evidence shows that the Court based its sentencing decisions for Defendant's Stalking, Criminal Contempt, and Non-Compliance charges on these images.

[6] *Collado v. State*, 2011 WL 6826442, at *2 n.2 (Del. Dec. 22, 2011) (citing *Albury v. State*, 551 A.2d 53 (Del. 1988)).

2023, the Court denied Defendant's request to proceed *pro se*. On February 27, 2023, he pleaded guilty to the charges against him. Defendant has presented no evidence, and the record does not reflect, that he would not have pleaded guilty but for his counsel's allegedly ineffective performance.

9. Second, Defendant argues that the sentence imposed by this Court for his Stalking charge is excessive compared to the sentence recommended by Delaware Sentencing Accountability Commission ("SENTAC") guidelines. For the Stalking charge, Defendant was sentenced on May 19, 2023, to three years of Level V supervision, suspended after one year for six months of Level IV supervision, followed by one year and six months of Level III GPS-monitored supervision. The statutory penalty for Stalking is from six months to three years of Level V supervision, with a minimum mandatory sentence of six months of Level V supervision. SENTAC guidelines recommended up to seven months of Level V supervision. As Defendant acknowledges in the Motion, "sentencing guidelines are voluntary and are not binding on the sentencing court."[7] The Level V sentence imposed falls within statutory limits. Hence, Defendant has not shown that this Court abused its broad discretion in determining the proper sentence.

10. Third, Defendant argues that the Court should not have permitted the prosecution to read a victim impact statement at the sentencing hearing that was not

---

[7] *Via v. State*, 2001 WL 1142304, at *2 (Del. Sept. 19, 2001); D.I.s 2203013888-26, 2210002346-17 ("The defendant acknowledges the court's discretion.").

4

previously submitted to the Court. A sentencing court has broad discretion to consider "information pertaining to a defendant's personal history and behavior which is not confined exclusively to conduct for which that defendant was convicted," including a victim impact statement.[8] As 11 *Del. C.* § 4331(d) provides, "a victim impact statement shall be presented to the court prior to the sentencing of a convicted person." The Court understands this provision to direct the Investigative Services Office to present such a statement to the Court prior to sentencing, rather than to impose any production obligation on the parties themselves. Further, Defendant did not object to the victim impact statement at sentencing. He did not request a continuance or an opportunity to present rebuttal evidence.[9] Hence, Defendant has waived any claim about the propriety of the sentencing hearing.

11. Fourth, Defendant argues that he is entitled to credit for time previously served on his sentence for periods of incarceration from December 22, 2021, to December 29, 2021, and from March 26, 2022, to July 26, 2022.

12. On December 1, 2021, this Court convicted Defendant of Criminal Trespass in the First Degree in a separate case, ID No. 2110000340, and sentenced him to one year of Level V supervision, followed by one year of Level II supervision. The Delaware Criminal Justice Information System ("DELJIS") shows that

---

[8] *Larson v. State*, 1995 WL 389718, at *3 (Del. June 23, 1995) (quoting *Mayes v. State*, 602 A.2d 839, 842 (Del. 1992)).
[9] *See id.* (holding that defendant who failed to object or request continuance or rebuttal at sentencing hearing waived post-conviction § 4331 claim).

5

Defendant was incarcerated from December 22, 2021, to December 29, 2021, for violation of probation related to his Criminal Trespass conviction. DELJIS also shows that Defendant was incarcerated from March 26, 2022, to July 26, 2022, for the Stalking and Criminal Contempt offenses in the instant case, ID No. 2203013888.

13. Defendant is entitled to credit for the time he spent in Level V supervision from March 26, 2022, to July 26, 2022, for offenses in the instant case, but he is not entitled to credit for the time he spent in Level V supervision from December 22, 2021, to December 29, 2021, for his conviction in a separate case.

14. Fifth and finally, Defendant argues that he is entitled to sentence reduction because he has completed various treatment programs and enrolled in others. Defendant's argument is in essence a reduction of sentence claim, part of his motion for sentence reduction pursuant to Rule 35(b). The Motion was made less than ninety days after Defendant was sentenced and is his first motion for sentence reduction, so it is timely and non-repetitive.[10]

15. The Court has "considerable discretion over the appropriate grounds for a reduction of sentence."[11] As part of Defendant's sentence for the instant charges, this Court requires him to complete mental health, substance abuse, and certified domestic violence intervention evaluations and treatment programs and comply with

---

[10] Super Ct. Crim. R. 35(b).
[11] *Id.*

6

accompanying recommendations. Fulfilling these requirements, which were imposed as conditions on Defendant's sentence, in no way entitles him to a reduction of that sentence.

16. After reviewing the Motion, sentence, and record in this case, the Court finds no just cause for postconviction relief or sentence reduction. However, Defendant is entitled to credit for the time he served in Level V supervision from March 26, 2022, to July 26, 2022, for the Stalking and Criminal Contempt offenses in the instant case. Defendant's sentence is otherwise appropriate for all the reasons stated at the time of sentencing. Accordingly, Defendant's Motion is **DENIED in part and GRANTED in part**. The Court hereby directs the Prothonotary to issue a modified sentence order consistent with this opinion.

**IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge

Original to Prothonotary

cc:     Jesse C. Kincaid (SBI #00447617)